UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MICHAEL DEBIASE,
   *Plaintiff,*
v.
TARGET STORES, INC. et al.,
   *Defendants.*

Civil No. 3:17-cv-654 (JBA)

July 12, 2017

## RULING ON PLAINTIFF'S MOTION TO REMAND

Plaintiff Michael Debiase, ("Mr. Debiase" or the "Plaintiff"), a citizen of Connecticut, brought this negligence action in Connecticut Superior Court against: Target Stores, Inc. ("Target"), a Minnesota company with its principal place of business in Minnesota; Brightview Landscape Development Inc. and Brightview Landscapes LLC, both Delaware corporations with their principal places of business in California; and Stephanie Barrante ("Ms. Barrante"), a Connecticut resident and the manager of the Target Store at 300 Chase Avenue in Waterbury, Connecticut, after Plaintiff allegedly slipped and fell on snow and ice obstructing the entrance to the Target Store in Waterbury. Target and Ms. Barrante removed the action to federal court on the grounds of diversity, arguing that Ms. Barrante was fraudulently joined solely to defeat diversity. *See* Notice of Removal [Doc. # 1]. Plaintiff now moves [Doc. # 13] to remand to state court. For the reasons that follow, Plaintiff's motion is GRANTED.

"Where, as here, jurisdiction is asserted by a defendant in a removal petition, it follows that the defendant has the burden of establishing that removal is proper." *United Food & Comm. Workers Union v. CenterMark Props. Meriden Square*, 30 F.3d 298, 301 (2d Cir. 1994). A case may only be removed to a federal court if it could have been brought there initially; in other words, the case must fall under the court's original jurisdiction. *See* 28 U.S.C. § 1441(a) ("Except as otherwise

expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.").

Federal subject-matter jurisdiction in this case is premised solely on diversity of citizenship. *See* 28 U.S.C. § 1332(a)(1). "The citizenship requirement for diversity jurisdiction has been interpreted to mean complete diversity so that each plaintiff's citizenship must be different from the citizenship of each defendant." *Briarpatch Ltd., L.P v. Phoenix Pictures, Inc.*, 373 F.3d 296, 302 (2d Cir. 2004). It is undisputed in this case that Plaintiff Debiase is a Connecticut citizen and that Defendant Barrante is a Connecticut citizen. Thus, if Ms. Barrante was properly joined as a Defendant, diversity would be lacking.

In limited circumstances, a named defendant may be disregarded in determining diversity under the doctrine of fraudulent joinder. That doctrine "is meant to prevent plaintiffs from joining non-diverse parties in an effort to defeat federal jurisdiction." *Briarpatch Ltd., L.P.*, 373 F.3d at 302 (2d Cir. 2004). Where, as here, no outright fraud exists in the pleadings, the joinder of a non-diverse defendant will only be deemed fraudulent if "there is no possibility that the claims against that defendant could be asserted in state court." *Id.* (citing *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998)). The defendant bears "the heavy burden" of proving fraudulent joinder by "clear and convincing evidence, with all factual and legal ambiguities resolved in favor of plaintiff." *Id.* (citing *Pampillonia*, 138 F.3d at 461).

Defendants argue that the allegations against Ms. Barrante are "nearly identical" to the allegations against Target and that the Complaint does not contain any allegation that Ms. Barrante engaged in any act of negligence. (Opp'n to Mot. to Remand [Doc. # 15] at 3-4.) Defendants argue

2

that there is no possibility that Plaintiff could succeed against Ms. Barrante in state court because an officer of a corporation "does not incur personal liability for [the corporation's] torts merely because of his official position." *Id.* at 5 (*citing Scribner v. O'Brien, Inc.*, 169 Conn. 398, 404 (1975)).

Several courts in this District, including this Court, have remanded cases presenting similar factual situations under the authority of *Meek v. Wal-Mart Stores*, 72 Conn. App. 467 (2002). *See Shannon v. Target Stores, Inc.*, No. 13-cv-612 (SRU), 2013 WL 3155378 (D. Conn. June 20, 2013) (remanding case alleging negligence in maintenance of sloped surface in front of store on basis of possibility of recovery against manager); *Szewczyk v. Wal-Mart Stores, Inc.*, No. 309CV1449JBA, 2009 WL 3418232, at *4 (D. Conn. Oct. 19, 2009) (remanding case alleging negligent supervision in connection with a slip-and-fall on spilled liquid in store aisle).

In *Meek*, the Connecticut Appellate Court affirmed a jury verdict against Wal-Mart Stores, Inc. and the individual store manager awarding damages for negligently-maintained merchandise that fell from a shelf and injured the plaintiff. *Meek*, 72 Conn. App. at 468.

The *Meek* court specified that the manager and assistant manager were liable on theories of negligent supervision and negligent inspection:

> [a]s to [the manager and assistant manager], the plaintiff alleged that they failed to use reasonable care in following Wal–Mart's safety policies concerning storage of merchandise; they failed to *properly supervise other employees* in storing merchandise safely and reasonably; they failed to properly inspect the shelving where the tables were stored; and they knew or should have known of numerous other incidents in which Wal–Mart customers were injured by falling merchandise that had been improperly stored, but failed to use reasonable care to prevent merchandise from falling on the plaintiff.

*Meek*, Conn. App. at 471. Defendant mistakenly characterizes this passage as asserting that "the managers were found liable for their involvement in how the merchandise was stacked," (Opp'n at

3

6) but the case grounds the managers' liability in their negligent supervision and inspection of the premises.

In the instant case, Plaintiff alleges that Ms. Barrante "failed to establish and/or failed to follow procedures for detecting and eliminating dangerous conditions such as slippery snow and/or icy condition exterior front entrance walkway area [sic] that caused the plaintiff to fall." (Compl. [Doc. # 13-3] ¶ 4g.) No similar allegation is made against Wal-Mart or the Brightview Defendants. As in *Szewczyk*, the Plaintiff in the instant case adequately alleges a failure to create or implement policies that would prevent the dangerous condition from arising. *See Szewczyk*, 2009 WL 3418232 at *4. Because this Court cannot conclude from the Complaint that "there is no possibility that the claims against [Ms. Barrante] could be asserted in state court," (*id.* at *5 (*citing Briarpatch*, 373 F.3d at 302)), Defendants have failed to establish that Ms. Barrante was fraudulently joined and have thus failed to meet their burden of showing that complete diversity exists and the Court has subject-matter jurisdiction. For this reason, the action must be remanded.

For the foregoing reasons, the clerk is directed to remand the action to the Connecticut Superior Court, Judicial District of Waterbury at Waterbury for resolution.

                IT IS SO ORDERED.

                /s/
                Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 12th day of July 2017.